■ In the Matter of ANNA F., Alleged to be a Permanently Neglected Child. CHEMUNG COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; FRANCES F., Appellant, et al., Respondents. (And Two Other Related Proceedings.)—Mercure, J.

Appeal from an order of the Family Court of Chemung County

(Frawley, J.), entered September 27, 1989, which, *inter alia,* granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate Anna F. a permanently neglected child.

Respondent Frances F. (hereinafter respondent), a mentally retarded adult, gave birth to a daughter, Anna, on June 23, 1987. Within two days of her birth, Anna was placed with petitioner because of respondent's demonstrated inability to care for her. In October 1987, Family Court adjudicated Anna to be a neglected child and placed her with petitioner for up to 18 months. In February 1988, following petitioner's unsuccessful efforts to assist respondent to develop parenting skills, respondent signed a surrender form consenting to Anna's adoption. Anna was thereafter placed with a proposed adoptive couple. However, in April 1988, respondent petitioned to revoke her surrender. Family Court granted the petition in July 1988. At that time, Anna continued to reside with the proposed adoptive parents on a foster care basis and petitioner reinstituted efforts to help respondent develop necessary parenting skills. Initial arrangements were made for respondent to visit with Anna for one hour each week. Respondent missed five of the 15 scheduled visitation periods which followed and actually arrived on time and stayed for the full hour on only five occasions. In November 1988, respondent moved to North Carolina, eliminating all contact with Anna. In April 1989, petitioner commenced this proceeding pursuant to Social Services Law § 384-b to adjudicate Anna a permanently neglected child. During the course of the Family Court hearing on the petition, respondent signed an irrevocable consent to the adoption of Anna by respondent's brother, Robert Kruger, and his wife, Theresa Kruger. At the conclusion of the hearing, Family Court granted the petition. This appeal ensued.

We affirm. Respondent does not challenge petitioner's efforts to strengthen the parental relationship between respondent and Anna *(see, Matter of Star Leslie W.,* 63 NY2d 136, 142), and it is our view that petitioner established by clear and convincing evidence that respondent failed to maintain substantial contact with Anna for a period of more than one year immediately preceding the hearing on the petition *(see,* Social Services Law § 384-b [7] [a], [b]) and to plan for Anna's future *(see,* Social Services Law § 384-b [7] [a], [c]). Although respondent did have some contacts with Anna between July 1988 and the time of her departure to North Carolina in November 1988, the contacts were insubstantial and respondent "failed to adhere to petitioner's plan to enable her to establish bonds

with [Anna] and to work toward providing a secure and stable home environment for [her]" *(Matter of Dixie Lu EE.,* 142 AD2d 747, 749; *see,* Social Services Law § 384-b [7] [b]). Furthermore, petitioner had no obligation to move Anna to North Carolina. There was no compelling justification for respondent's move, and a home study initiated by petitioner showed that the residence in North Carolina which respondent shared with her mother and siblings was not a suitable home for Anna.

Finally, we reject the contention that the proposed adoption of Anna by the Krugers constituted a plan for Anna's future within the purview of Social Services Law § 384-b (7) (a). Under Social Services Law § 384-b (7) (c), a parent must "at a minimum * * * take steps to correct the conditions that led to the removal of the child from [her] home" *(Matter of Leon RR,* 48 NY2d 117, 125; *see, Matter of Nathaniel T.,* 67 NY2d 838, 840) and an arrangement to keep the child in another's home will not satisfy the statute's purpose *(see, Matter of Gregory B.,* 74 NY2d 77, 90; *Matter of Joyce T.,* 65 NY2d 39, 47). In consenting to Anna's adoption by the Krugers, respondent has, in effect, acknowledged permanent neglect but nevertheless reserved the right to select Anna's adoptive parents. This she cannot do.

Order affirmed, without costs. Weiss, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.